[No. 2689.]

## M. D. HART v. THE STATE.

APPEALS IN FELONY CASES LESS THAN CAPITAL—PRACTICE IN COURT OF APPEALS.—The Code of Procedure, Article 794, provides that in all felony convictions, except where the death penalty is assessed, sentence shall be pronounced before an appeal is taken. *Held,* that, to enforce the observance of this provision, this court will not entertain jurisdiction of a non-capital felony case wherein sentence has not been pronounced by the court below; wherefore the State's motion to dismiss the appeal in the present case is sustained.

APPEAL from the District Court of Hunt.

The record in this cause has not reached the hands of the Reporters. The opinion of this court, however, states all matters relevant to the ruling.

*Terhune,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State, moved to dismiss the appeal.

HURT, JUDGE. Appellant was convicted of murder in the first degree, with a life term in the penitentiary assessed against him as punishment. The court below failed to sentence him. For this omission the Assistant Attorney General moves to dismiss the appeal. Hence arises the question: Should this court entertain an appeal before sentence has been pronounced, in any case other than in a capital conviction. We are of opinion that this court should not.

It is provided by law (Gen. Laws, 16 Leg., p. 70) that, "When an appeal is taken in cases of felony where the verdict prescribes the death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the Court of Appeals has been received. In all other cases of felony, sentence shall be pronounced before the appeal is taken; and, upon the affirmance of the judgment by the Court of Appeals, the clerk thereof shall at once transmit the mandate of the court to the clerk of the court from which the appeal was taken, there to be duly re-

corded in the minute book of said court; and a certified copy of this record, under the seal of the court, shall be sufficient authority to authorize and require the sheriff to execute the sentence without further delay." This act has also been re-enacted, and is part of the Revised Code of Criminal Procedure. (Art. 794, Code Crim. Proc.)

We will not enter into a discussion of the question whether the jurisdiction of this court depends upon a compliance with the provisions of this act; the act, in our opinion, being wise and economical, in order to its strict observance by the courts below, we have determined not to entertain jurisdiction of any such cases where sentence has not been pronounced. The reason for this rule will very clearly appear in the emergency clause to the act quoted, which is as follows: "Whereas, the present law entails a large and unnecessary expense on the counties, creates an imperative public necessity, and an emergency exists for the immediate passage of this act, it shall therefore take effect and be in force from and after its passage."

The delay and expense attending such cases prior to the adoption of the act quoted is a matter of general knowledge to all who are at all familiar with judicial proceedings in this State. This act was passed in order to correct these matters.

The motion to dismiss the appeal is entertained.

*Appeal dismissed.*

Opinion delivered June 2, 1883.